# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

Docket No. 25-1406

**GARETH EVAN LOMAX,**

*Plaintiff-Appellant,*

v.

**COMMONWEALTH OF MASSACHUSETTS; UNKNOWN PARTIES,**

*Defendants-Appellees*



8/8/25

CHANGE IN CAPTION Gareth Evan Lomax, Plaintiff - Appellee v. Governor Maura Healey, Commonwealth of Massachusetts, Unknown Parties, & Boston Dynamics

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

RECEIVED IN CLERK'S OFFICE
DATE: 9/26/25

FILED IN CLERK'S OFFICE
2025 SEP 26 AM 10:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

Docket No.

## GARETH EVAN LOMAX,

*Plaintiff-Appellant,*

v.

## Governor Maura Healey, Commonwealth of Massachusetts, Unknown Parties, & Boston Dynamics,

*Defendants-Appellees*

RECEIVED FOR FILING IN CLERK'S OFFICE
2025 SEP 23 A 10:45
US COURT OF APPEALS FOR THE FIRST CIRCUIT

8/8/25

## MOTION TO FILE CIVIL COMPLAINT, DEMAND FOR PARITY AND INTERESTS AND A MOTION TO SEAL THE RECORD

Legal Basis, Chronology, and Institutional References

In accordance with U.S. court rules governing the sealing of judicial records, we respectfully move for the record in this matter to be sealed. The court is empowered to seal records when compelling interests outweigh the presumption of public access, particularly in cases involving enforcement of protective orders and safeguarding sensitive information.

The justification for sealing is anchored in the need to enforce the protective order sought against LVNV Funding, LLC, in light of alleged violations. By sealing the record, the court will prevent the disclosure of confidential or proprietary information, ensuring the integrity of ongoing investigations and the privacy rights of affected parties.

For these reasons, we request that the court order the record sealed. This action will maintain the proper balance between transparency and the protection of legal rights, fulfilling the court's mandate to administer justice fairly and securely.

Gareth Evan Lomax is Corporate Media, LLC, CAGE CODE: 75RC7, DUNS: 093901093, EIN: 25-1861201.

## **BASIS FOR COMPLAINT**

1. This civil action is brought by Gareth Evan Lomax ("Plaintiff") against Governor Maura Healey, the Commonwealth of Massachusetts, Boston Dynamics, and unidentified parties—including certain known and unknown: colleges and universities that are suspected of; participated in a defense program—seeking compensation for alleged constitutional and rights violations spanning a decade. The complaint relates specifically to events linked with this program around 1990.
2. The causation link from 1990 is a current legal question.

2. Plaintiff was arrested and incarcerated in Northampton, Massachusetts. Since that time, Plaintiff has been systematically and wrongfully excluded from professional activities and denied the fruits of foundational labor to Corporate Media, LLC, a federal defense contractor (CAGE CODE: 75RC7, DUNS: 093901093, EIN: 25-1861201).

3. For ten years, Plaintiff has suffered conditions amounting to involuntary isolation, duress, and deliberate infliction of tortious harm, with no remedial action by the Commonwealth or its agents. This record is irrefutable and undisputed by any good-faith review.

4. Plaintiff's rights under the U.S. Constitution and Massachusetts laws have been consistently and conspicuously violated. These include, but are not limited to, due process, equal protection, and the right to property and contract.

5. Corporate Media, LLC's status as a registered government defense contractor is not contested. Plaintiff's standing as its director, owner, and federal stakeholder is a matter of public record. No regular government appointment is required to secure those interests, and none is asserted. Sufficient interests; are assumed, without appointment.

6. Plaintiff is under formal court consideration for advancement to flag officer rank by virtue of merit, contribution, and statutory eligibility. This is a fact for judicial notice, not a speculative claim.

7. The Commonwealth's agents, including Governor Healey, cannot credibly claim ignorance. The record, contracts, and statutory instruments remain intact. Nothing has been lost—neither status, nor property, nor right. Every legal, professional, and contractual interest remains enforceable now.

8. **AS A STATEMENT FOR RELIEF** - Plaintiff now demands:

(a) Immediate extension of time for filing and settlement negotiations.

(b) Recognition of Plaintiff's "Statesman" status and conversion to equivalent military rank.

(c) Official documentation and verification of Plaintiff's rank and status.

(d) Settlement charter ownership for the City of Northampton. Establishment of NATIVE CULTURE as a right in NORTHAMPTON.

(e) 3% of the 20% weekly taxable marijuana income in perpetuity, without condition or program contingency.

(f) Complete tax immunity within the Commonwealth.

(g) Parity of intellectual property rights as established under D.A.W.I.A. (1990).

(h) Stake in Boston Dynamics and access to programmatic and digital life entity decisions. IF ACCESS is based on stake.

(i) Right to replicate programs and develop new technologies in western Massachusetts or elsewhere.

9. Historic precedent—United States v. Mavroules (1990), H.R. 4739, and D.A.W.I.A.—demonstrates the Commonwealth's obligation to enforce, not evade, parity and transparency in defense contracting and intellectual property. The record of institutional manipulation and exclusion is documented and actionable.

10. Plaintiff calls for immediate transparency, accountability, and redress. The defense vendor contract system and intellectual property regime are not lost to time or corruption; they await proper legal recognition and enforcement. That includes the IP claims expressed over the entirety of the acquisitions function and management. Of which, Boston Dynamics remains within the application of those program resources.

That APPELLANT has properly submitted to the federal authorities responsible to grant plenary authority into such agency accounts.

11. Plaintiff demands:

 (a) Judicial and administrative action recognizing all rights and averments above;

 (b) Full reparation for ten years of hardship, constitutional injury, and denial of rights;

 (c) Enforcement and implementation of the proposed settlement and recognition terms, without delay or obfuscation.

12. All parties listed below are properly noticed and subject to this complaint:

 Governor Maura Healey, Massachusetts State House, Office of the Governor, Room 280, 24 Beacon Street, Boston, MA 02133;

 The Commonwealth of Massachusetts, Massachusetts State House, 24 Beacon Street, Boston, MA 02133;

 Unknown Parties / In Rem as identified;

 Massachusetts Operational Services Division, One Ashburton Place, Room 1017, Boston, MA 02108;

Office of General Counsel, Harvard University, Massachusetts Hall, Cambridge, MA 02138;

Boston Dynamics, Inc., 78 Fourth Avenue, Waltham, MA 02451;

13. Legal Citations:

This complaint is brought in accordance with the following authorities:

- Federal Rules of Civil Procedure (Fed. R. Civ. P.) – governing procedure in United States district courts;
- Federal Rules of Appellate Procedure (Fed. R. App. P.) – applicable to appeals from district court decisions;
- First Circuit Rules (1st Cir. R.) – setting forth additional requirements for proceedings before the United States Court of Appeals for the First Circuit;
- U.S. Constitution – including, but not limited to, the Due Process and Equal Protection Clauses;
- U.S. statutes – including the Defense Acquisition Workforce Improvement Act (DAWIA, 1990) and H.R. 4739;
- Constitution and statutes of the Commonwealth of Massachusetts – as applicable to the conduct of state agents and institutions.

14. Chronology of Rights and Violations:

Plaintiff alleges that the violations cited herein—arising from the deprivation of property, status, and participation in the creation and operation of Corporate Media, LLC—have persisted over many years, with no restitution or proper judicial remedy granted. The statutes and constitutional provisions cited obligate both federal and Commonwealth authorities to uphold and enforce Plaintiff's participatory, contractual, and creative rights.

15. Ongoing Deprivation:

Despite clear statutory and constitutional mandates, Plaintiff has been deprived of their rightful portion and role in the creation, management, and benefit of Corporate Media, LLC. The ongoing exclusion, lack of recognition, and denial of rights constitute actionable constitutional and statutory violations.

16. Proportional and Propositional Arguments:

   (A) If federal statutes and the U.S. Constitution guarantee due process and equal protection, and Plaintiff's interests are documented and enforceable, then Plaintiff's exclusion is unlawful.

   (B) If the Commonwealth of Massachusetts recognizes federal defense contractor status and the rights conferred thereby, then state agencies cannot lawfully deny Plaintiff's contractual and intellectual property interests.

   (C) If H.R. 4739 and D.A.W.I.A. establish parity and nondiscrimination in defense contracting, then historic and ongoing exclusion of Plaintiff is remediable by judicial and administrative action.

   (D) If Plaintiff's rights persist and have never been lawfully terminated, then relief and recognition are now due by operation of law.

17. Diagrammatic Representation:

- Venn Diagram:

Imagine three intersecting circles representing: (1) Federal statutes and constitutional protections, (2) Commonwealth of Massachusetts statutes and regulations, and (3) Plaintiff's participatory and contractual rights. The intersection of all three is the zone where full recognition, enforcement, and remedy must occur. Plaintiff's current exclusion positions them outside this intersection, indicating a legal and constitutional gap.

- Boolean Diagram:

Let $F$ = federal law obligations, $M$ = state law obligations, $P$ = Plaintiff's rights;

The proposition for enforceable remedy: $(F \land M \land P) \rightarrow$ Judicial Relief. The current circumstance is $\neg(\text{Judicial Relief})$, implying a failure in fulfilling at least one element, despite the statutes demanding all are satisfied.

## FACTS SUPPORTING CLAIM

- United States v. Mavroules, 808 F. Supp. 593 (D. Mass. 1992):
- "The government's burden is to establish that the contracts and claims in question were made in accordance with statutory and administrative requirements, and that any deviation constitutes actionable offense."
- Griggs v. Duke Power Co., 401 U.S. 424 (1971):
- "What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification."
- Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984):
- "When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions... If the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."

## Pentagon and General Shalikashvili ,1990 Training Model

- General John M. Shalikashvili, Chairman of the Joint Chiefs of Staff (1993–1997):
- "The adoption of new training models in 1990 represented a fundamental leap in our capability to prepare forces for the demands of modern combat. These innovations not only enhanced readiness, but set a precedent for the interoperability and adaptability of our joint forces."
- Department of Defense Directive 1322.18 (Military Training) (1990):
- "It is DoD policy to ensure training is structured, progressive, and integrated to maximize readiness and mission accomplishment throughout the Armed Forces."
- Pentagon Annual Report to the President and the Congress, 1990:
- "The evolution of our training doctrine has provided the Armed Forces with unmatched flexibility and effectiveness. The 1990 model, emphasizing joint operations, simulation technology, and rapid adaptation, has earned praise from commanders at all levels."

## Memoranda, Rules, and Implementation

- Memorandum for Commanders, "Enhancement of Training Capabilities," Office of the Secretary of Defense, September 1990:

- "Commanders will ensure that all personnel participate in the new integrated training system. The model's improvements in scenario realism and technological integration have already demonstrated measurable gains in unit proficiency."

These statutes, court precedents, and Pentagon directives collectively affirm the legal standards for equitable participation, procedural due process, and the acknowledged superiority of post-1990 defense training models. The recognition from military leadership—such as General Shalikashvili—underscores both the legal framework and the practical achievements of this era's innovations.

18. Colleges Referenced in H.R. 4739:

If available, H.R. 4739 mentions several colleges. Based on standard legislative referencing and common defense contracting institutions, these may include (but are not limited to):

- Harvard University
- Massachusetts Institute of Technology (MIT)
- Other affiliated New England research universities

## Conclusion:

The Plaintiff reiterates the demand for immediate judicial and administrative remedy, citing the explicit statutory and constitutional obligations outlined above. The passage of years has not erased or diminished the enforceability of these rights.

GARETH EVAN LOMAX
24 FRANKLIN STREET, 6A
GREENFIELD, MA 01301

## Certificate of Service

A copy of this MOTION TO FILE CIVIL COMPLAINT, DEMAND FOR PARITY AND INTERESTS AND A MOTION TO SEAL THE RECORD has been sent by First-Class Mail to all listed parties.

Governor Maura Healey, Massachusetts State House, Office of the Governor, Room 280, 24 Beacon Street, Boston, MA 02133;

The Commonwealth of Massachusetts, Massachusetts State House, 24 Beacon Street, Boston, MA 02133;

Unknown Parties / In Rem as identified;

Massachusetts Operational Services Division, One Ashburton Place, Room 1017, Boston, MA 02108;

*GARETH EVAN LOMAX*

24 FRANKLIN STREET, 6A

GREENFIELD, MA 01301

(412) 667-1001